UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

ELIZABETH FANGUY,                                    Case No.

             Plaintiff,

    vs.

PORTFOLIO RECOVERY
ASSOCIATES, LLC,

             Defendant.

---

## COMPLAINT

---

NOW COMES the Plaintiff Elizabeth, by and through her attorneys, Nathan DeLadurantey of DeLadurantey Law Office, LLC, and Zeshan Usman of Usman Law Firm, LLC, and complains of Defendant Portfolio Recovery Associates, LLC, and alleges to the best of her knowledge, information and belief formed after an inquiry reasonable under the circumstances, the following:

### NATURE OF THE ACTION

1.      This lawsuit arises from unlawful collection attempts of the Defendant.

2.      Causes of Action herein are brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, and the Wisconsin Consumer Act ("WCA"), Wis. Stat. 421 *et seq*.

3.      The FDCPA regulates the behavior of "debt collectors" (including collection agencies, collection attorneys, and debt buyers) when attempting to collect a consumer debt. Congress found "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors" which "contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy." 15 U.S.C. § 1692(a). The

FDCPA was expressly adopted "to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

4.     The FDCPA focuses on the conduct of the debt collector and not on the merits of the alleged debt. Whether a debt is actually owed has no relevance to whether the debt collector complied with the FDCPA. Consequently, the individuals from who debt collectors seek payment are defined as "consumers." 15 U.S.C. § 1692a.

5.     The FDCPA, at 15 U.S.C. § 1692c, limits when and with whom a debt collector may communicate when attempting to collect a debt and, unless expressly permitted under § 1692c, 15 U.S.C. § 1692b restricts a debt collector's communications with third parties to obtaining "location information" about the consumer.

6.     When collecting or attempting to collect a debt, the FDCPA demands the debt collector treat people respectfully, honestly, and fairly by proscribing its use of: (a) harassing, oppresive, and abusive conduct; (b) false, deceptive, or misleading means or representations; and (c) unfair or unconscionable means. 15 U.S.C. §§ 1692d, 1692e, and 1692f. Each of those Sections contain a list of specific *per se* violations but they are nonexclusive and do not limit the general application of each Section's broad prohibitions.

7.     When the collection process starts, the FDCPA requires a debt collector to provide a consumer with basic debt information and the consumer's right to debt-verification. 15 U.S.C. § 1692g(a).

8.     When the collection process escalates to litigation, the FDCPA prohibits lawsuit from being commenced in a distant venue. 15 U.S.C. § 1692i.

9.     The FDCPA is a strict-liability statute, which provides for actual or statutory damages upon the showing of one violation, regardless of any actual damages. *McMahon v. LVNV Funding, LLC*, 807 F.3d 872, 876 (7th Cir. 2015).

10.     A debt collector's conduct violates the FDCPA when viewed from the perspective of an "unsophisticated debtor." *Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1257 (7th Cir. 1994). "The unsophisticated consumer is uninformed, naive, and trusting, but possesses rudimentary knowledge about the financial world, is wise enough to read collection notices with added care, possesses reasonable intelligence, and is capable of making basic logical deductions and inferences." *Williams v. OSI Educ. Servs., Inc*, 505 F.3d 675, 678 (7th Cir. 2007) (internal editing notations and quotation marks omitted).

11.     When a debt collector fails to comply with the FDCPA "with respect to any person," it "is liable to such person in an amount equal to the sum of" "any actual damage sustained," "additional" or statutory damages, costs, and reasonable attorneys' fees. 15 U.S.C. § 1692k(a). Statutory damages are limited: a plaintiff may recover no more than $1,000, and the class may recover up to $500,000 or 1% of the debt collector's net worth, whichever it less. *Id*.

## JURISDICTION AND VENUE

12.     Jurisdiction of this Court arises under 28 U.S.C. § 1331, because the case arises under the laws of the United States.

13.     This Court also has jurisdiction as it is an action to enforce liability created by the FDCPA within one year from the date on which the violation occurred, along with the WCA within one year from the date on which the violation occurred.

14.     Venue in this Court is appropriate pursuant to 28 U.S.C. § 1391(b)(2), because this is where the acts giving rise to the claim occurred.

15.     Under 28 U.S.C. § 1391(c), a defendant corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction.  Defendants are subject to personal jurisdiction in Wisconsin, since they do business in Wisconsin.

## PARTIES

16.     Plaintiff Elizabeth Fanguy (hereinafter "Plaintiff") is a natural person who resides in Dane County, Wisconsin.

17.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1962a(3), and is a "customer" as that term is defined in Wis. Stat. § 421, *et seq*.

18.     Defendant Portfolio Recovery Associates, LLC ("Defendant PRA") is a foreign corporation with a principal office located at 120 Corporate Blvd, Norfolk, Virginia, 23502. Defendant PRA's registered agent is Corporation System Company, 100 Shockoe Fl 2, Richmond, Virginia, 23219.

19.     Defendant PRA is a "debt collector" pursuant to 15 U.S.C. § 1692a(6).

20.     Defendant PRA is a "debt collector" pursuant to Wis. Stat. § 427.103(3).

## BACKGROUND

21.     Sometime prior to March 2020, Ms. Fanguy incurred a debt to a non-party that was primarily for household, personal, or family purposes. This debt was for less than $25,000.

22.     Sometime prior to March 2020, that non-party sold the debt to Defendant PRA.

23.     In March 2020, Ms. Fanguy included this debt to Defendant PRA in a Voluntary Amortization of Debts under Wis. Stat. § 128.21 (Dane County Case No. 2020CV800) (hereinafter, the "Chapter 128").

24.     Ms. Fanguy was represented by an attorney in her Chapter 128 and in connection with the debt owed to Defendant PRA.

25.     Defendant PRA received actual written notice that Ms. Fanguy was represented by an attorney.

26.     Defendant PRA proceeded to directly contact Ms. Fanguy, despite having knowledge she was represented by counsel in connection with the debt owed to Defendant PRA.

27.     On or about July 14, 2020, Defendant PRA circumvented counsel for Ms. Fanguy and directly contacted Ms. Fanguy and engaged in debt collection attempts.

28.     Defendant was aware that Plaintiff was represented by counsel in connection with the debt owed to them; yet has engaged in direct collection actions and contact with Ms. Fanguy.

29.     Plaintiff has suffered actual damages, including emotional distress, as a result of the collection attempts of Defendant PRA.

**COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

30.     Plaintiff incorporates by reference all of the above-paragraphs of this Complaint as though fully stated herein.

31.     Plaintiff is a consumer as defined by 15 U.S.C. § 1692a(3).

32.     The foregoing acts of the Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, 15 U.S.C. §§ 1692c(a)(2), 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f, and 1692f(1) with respect to Plaintiff.

33.     Specifically, under 15 U.S.C. § 1692c(a)(2) a debt collector cannot communicate directly with a consumer when they know the consumer is represented by a lawyer, which Defendant did.

34.     Specifically, under 15 U.S.C. § 1692e(2), a debt collector cannot make a false representation about the amount of debt owed, which they did when they directly contacted Plaintiff about the debt.

5

35.     Specifically, under 15 U.S.C. § 1692e(5), a debt collector cannot threaten to take any action they legally cannot take, which they did when they directly contacted Plaintiff about the debt.

36.     Under 15 U.S.C. § 1692e(10), a debt collector cannot use false representation or deceptive means to collect, which they did when they directly contacted Plaintiff about the debt.

37.     Under 15 U.S.C. § 1692f(1), a debt collector cannot collect an amount which it is not authorized to collect, which they did when they directly contacted Plaintiff about the debt.

38.     Plaintiff has suffered actual damages as a result of these illegal collection communications, as stated above.

39.     Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

## COUNT II – VIOLATIONS OF THE WISCONSIN CONSUMER ACT

40.     Plaintiff incorporates by reference all the foregoing paragraphs.

41.     Wis. Stat. § 427.104(1)(h) provides, in pertinent part: "In attempting to collect an alleged debt arising from a consumer credit transaction or other consumer transaction…a debt collector may not: (h) Engage in other conduct which can reasonably be expected to threaten or harass the customer or a person related to the customer."

42.     Defendant violated Wis. Stat. § 427.104(1)(h) when Defendant engaged in the above referenced collection attempts.

43.     Wis. Stat. § 427.104(1)(j) provides, in pertinent part: "In attempting to collect an alleged debt arising from a consumer credit transaction or other consumer transaction… Claim, or

attempt or threaten to enforce a right with knowledge or reason to know that the right does not exist.

44.     Defendant violated Wis. Stat. § 427.104(1)(j) when Defendant engaged in the above referenced collection attempts.

45.     Plaintiff suffered actual damages as result of Defendant's violations of Wis. Stat. § 427.104(1)(h) and Wis. Stat.  § 427.104(1)(j).

46.     Plaintiff is entitled to all of the remedies identified in Wis. Stat. § 427.105 and Wis. Stat. § 425.304.

## TRIAL BY JURY

Plaintiff is entitled to, and hereby respectfully demand a trial by jury on all issues so triable.

WHEREFORE, the Plaintiff prays that this Court will enter judgment against the Defendant as follows:

A.     Actual damages in an amount to be determined at trial pursuant to 15 U.S.C. § 1692k(a)(1);
B.     Statutory damages of $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
C.     Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3);
D.     For an award of actual damages, statutory damages, punitive damages (if the evidence at trial so warrants), actual costs, and attorneys' fees, under Wis. Stats. §§   427.105 and 425.304; and
E.     For such other and further relief as may be just and proper.

Dated this 15th day of September, 2020.

s/ Nathan DeLadurantey
Nathan E. DeLadurantey, 1063937
DELADURANTEY LAW OFFICE, LLC
330 S. Executive Dr, Suite 109
Brookfield, WI  53005
(414) 377-0515
nathan@dela-law.com

Zeshan Usman, 1069404
USMAN LAW FIRM, LLC
515 Junction Rd, Ste. 2500
Madison, WI 53717
(608) 829-1112
Z@UsmanLaw.com

*Attorney for the Plaintiff*